PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDREA FEATHERSTONE,

                        Plaintiff,

            -against-

THE CITY OF NEW YORK, DET. JAMES
FLYNN, SGT. MICHAEL BURELLO,
P.O. JAMES LAROSA, JOHN AND JANE DOES,

                        Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand

13 CV 1618 (AKH)

       Plaintiff ADEREA FEATHERSTONE (hereinafter "Plaintiff") by and through her attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

       2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

Plaintiff who was home at the time with her son, aged 23, answered the door and inquired the reason for the officer's presence at her apartment.

11. Defendants identified themselves as New York City Police Detectives and informed plaintiff that they just wanted to ask her questions and proceeded to ask her about her name, whose name was on the lease and other questions about her identification.

12. The Defendants then informed her that they wanted to ask her a few more questions and asked her if she would come "downtown" with them. When plaintiff asked why she had to go "downtown", defendants told her that "we'll discuss it on the way" and that "it's probably nothing and you would be back home shortly."

13. Plaintiff informed defendants that she did not have time to go any place with them. The plaintiff refused to leave her home and accompany the defendants anyplace, and the defendants then told her that she had no choice, detained plaintiff and took her from her home to a precinct.

14. At the precinct, defendants, including Flynn, without advising her of her *Miranda* rights, told plaintiff that she was the target of an investigation concerning the theft of goods, larceny and other charges involving merchandise stolen from a CVS on June 12, 2010, which was two days prior to plaintiff's arrest. Defendants then questioned plaintiff about said accusations.

15. Plaintiff told the defendants that she had indeed been inside the CVS two days earlier but that she had not used a credit-card to make any purchases, and therefore she told the defendants that they had the wrong person.

16. Upon information and belief, defendant officers may have had reason to believe that plaintiff had been inside the CVS store two days earlier, but they did not have any probable

cause (or arguable probable cause) to believe that plaintiff had committed a crime or any other reason to arrest plaintiff.

17. Prior to going to the plaintiff's apartment, the only information the defendants allegedly had as to the plaintiff was that she had used her CVS discount card, which is not a credit or debit card. It is evident that the defendants leaped to the conclusion that plaintiff was a suspect, and took her into custody without probable cause. A CVS discount card only accumulates points towards future savings or gifts.

18. On June 18, 2010, plaintiff was finally brought before a judge (some 4 days after her arrest). Plaintiff was charged in a felony complaint that was created by the defendants upon false and misleading information.

19. As a result of the falsification and fabrication of the charges created by defendants, plaintiff was ordered to be held on high bail.

20. On June 22, 2010, plaintiff was indicted by a grand jury based upon false and misleading information and records submitted by the defendants. The indictment was filed on July 2, 2010 and once again plaintiff was arraigned on July 6, 2010, this time in the Supreme Court. Again the charges were based on the nature of the false allegations leveled by defendants against plaintiff. Once again high bail was set, and the plaintiff remained incarcerated.

21. On September 13, 2010, upon responding to a motion to inspect and dismiss made by the plaintiff, the Court found that even if read in a light most favorable to the people, the indictment must be dismissed because the grand jury was presented with false and erroneous records.

22. All counts of the Indictment were dismissed because there was no evidence at all that she had used or charge and merchandise with the credit card that was the subject matter of the investigation.

23. Despite the dismissal of the indictment by the Court, Defendants still did not withdraw their criminal court complaint and plaintiff remained incarcerated until December 2010.

24. On March 4, 2011, all charges against plaintiff were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendant's acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

27. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and he sustained physical and emotional injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

30. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants knew that by filing false charges against Plaintiff she would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence and forwarded that evidence in a criminal complaint to the DA's office knowing that plaintiff would be prosecuted on the false charges.

33. Due to Defendants' actions, Plaintiff was deprived of life and liberty interest for over five (5) months.

34. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop and instead did pursue the charges knowing full well that the charges were trumped up. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and she was subjected to violation of her state and federal rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting individuals without any probable cause simply to close out cases and generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

38. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.
As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights

of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

40. Defendant City of New York's failure to institute or maintain and pursue vigorously a policy of withdrawing criminal complaints lodged against the accused even in light of innocence was one of the moving force of the unlawful and unconstitutional deprivation of plaintiff's liberty for an extended period.

### AS AND FOR AN FIFTH CAUSE OF ACTION
(Violation of Section 1981)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants targeted Plaintiff and discriminated against her by falsely accusing her of a crime because of her race and color and caused her deprivation of her constitutional rights.

43. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A TWEVLTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants' actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged her unlawful seizure and her being maliciously prosecuted.

46. As a result of this, plaintiff was injured.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Eighth Amendment)

47. Plaintiff repeats, reiterates, and realleges each and every allegation

contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants subjected plaintiff to excessive bail based on their false and fabricated charges and as a result her right to be free from excessive bail was violated.

49. As a result of this, plaintiff was injured.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 8, 2013

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar
*Attorneys for Plaintiff*